**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4657**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANTHONY EUGENE DUTY, a/k/a Tony,

Defendant - Appellant.

**No. 09-4803**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBIN MARIE DAVIS,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:08-cr-00024-jpj-pms-32; 1:08-cr-00024-jpj-pms-43)

Submitted:  July 21, 2011               Decided:  August 1, 2011

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

Joseph R. Conte, LAW OFFICES OF J.R. CONTE, Washington, D.C.; Henry Keuling-Stout, KEULING-STOUT, P.C., Big Stone Gap, Virginia, for Appellants. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Robin Marie Davis and Anthony Eugene Duty of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Davis to 240 months of imprisonment and sentenced Duty to 120 months of imprisonment, and they now appeal. Finding no error, we affirm.

On appeal, Davis argues that the district court erred in denying her motions for a judgment of acquittal and for a new trial in which she argued that the evidence was insufficient to support the verdict. We review a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo and the denial of a Fed. R. Crim. P. 33 motion for a new trial for abuse of discretion. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."

_Id._ (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." _Beidler_, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." _Id._ (internal quotation marks and citation omitted).

In order to prove that Davis conspired to possess with intent to distribute and distribute cocaine and crack, the Government needed to show (1) an agreement between two or more persons, (2) that Davis knew of the agreement, and (3) that Davis knowingly and voluntarily joined the conspiracy. _United States v. Burgos_, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (citations omitted). We have thoroughly reviewed the record and conclude that there was sufficient evidence to support the jury's verdict of guilt.

Duty argues on appeal that the district court erred in denying his motion for a new trial based on three of his codefendants' recantations of their trial testimony against him. A motion for a new trial based on a witness' recantation of his trial testimony should be granted only when "(1) the court is reasonably satisfied that the testimony given by a material witness is false; (2) without the evidence a jury might have

4

reached a different conclusion; and (3) the party seeking the new trial was unable to meet it or did not know of its falsity until after trial." United States v. Lighty, 616 F.3d 321, 374 (4th Cir.), cert. denied, 131 S. Ct. 846 (2010), (citations omitted). Our review of the record leads us to conclude that the district court's finding that the witnesses' trial testimonies were not false was not error and, therefore, the court did not abuse its discretion in denying Duty's motion for a new trial.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED